# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 4, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BAMBA COTTON, | * | |
| | * | |
| Petitioner, | * | No. 19-1317V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Ryan Pohlman Miller*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On August 13, 2024, Bamba Cotton, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 84). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$63,775.28.**

### I. Procedural History

On August 29, 2019, Bamba Cotton, ("petitioner") filed a claim in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that she suffered vaccine-induced polyneuropathy and bilateral neuropathic leg pain that were either caused in fact or significantly aggravated by the Fluzone and Prevnar 13 vaccines she received on September 14,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2016. Petition at Preamble. On June 24, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on June 25, 2024. (ECF No. 79).

On August 13, 2024, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $64,004.28, representing $57,402.64 in attorneys' fees and $6,601.64 in costs. Fees App., Ex. A at 51-53. Pursuant to General Order No. 9, petitioner warrants she has not personally incurred any costs in pursuit of her claim. (ECF No. 82). Respondent reacted to the fees motion on August 15, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 85). Petitioner filed her reply on the same day, requesting the Court award the fees and costs be awarded in full. Reply at 1 (ECF No. 86).

The matter is now ripe for adjudication.

## II.  Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests a total of $ 57,402.64 in attorneys' fees for work done by her attorney, Mr. Mark Sadaka his paralegal, Ms. Michele Curry. Petitioner requests the following rates for the work of Mr. Sadaka: $376.38 per hour for work performed in 2017; $396.00 per hour for work performed in 2018;  $405.00 per hour for work performed in 2019; $422.00 per hour for work performed in 2020; $444.00 per hour for work performed in 2021; $458.00 per hour for work performed in 2022; $482.00 per hour for work performed in 2023; and $563.00 per hour for work performed in 2024. Fees App. at 2; Fees App. Ex. A at 40.

The requested rates from 2019-2023 are consistent with rates Mr. Sadaka has previously awarded. *See, e.g., Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018); *Harding v. Sec'y of Health & Human Servs.*, No. 17-1580V, 2019 WL 3215974, at *8 (Fed. Cl. Spec. Mstr. June 18, 2019); *Perez v. Sec'y of Health & Human Servs.*, No. 15-331V, 2019 WL 2487886, at *1 (Fed. Cl. Spec. Mstr. May 16, 2019). However, Mr. Sadaka's 2024 hourly rate has been set and awarded at $532.00, not the requested

$563.00. *See, e.g., Richardson v. Sec'y of Health & Human Servs.*, No. 21-1781V, 2024 WL 4814753, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2024); *Farag v. Sec'y of Health & Human Servs.*, No. 17-714V, 2024 WL 5378009, at *2 (Fed. Cl. Spec. Mstr. Dec. 6, 2024). I will therefore apply the previously determined rate for 2024 to Mr. Sadaka's billing here, resulting in a reduction of **$229.40**.[3]

Petitioner also requests the following rates for work performed by Ms. Curry: $145.17 per hour for work performed in 2017; $150.55 per hour for work performed in 2018; and $156.00 per hour for work performed in 2019, $163.00 per hour for work performed in 2020; $172.00 per hour for work performed in 2021; $177.00 per hour for work performed in 2022; $186.00 per hour for work performed in 2023, and $197.00 per hour for work performed in 2024. The paralegal rates requested through 2024 are reasonable and consistent with prior determinations, and will therefore also be adopted.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Fees App. Ex. A. Respondent has also not identified any particular entries as objectionable. Therefore, petitioner is entitled to $57,173.24 in attorneys' fees.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $6,601.64. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and expert fees. Fees App. Ex. B at 52-53.

Dr. Arthur Hughes charged $933.00, for 2.67 hours at $350.00 per hour. Fees App. Ex. B at 21. This rate is consistent with what Dr. Hughes has been previously awarded, and is also reasonable herein. *See*, *Schumacher v. Sec'y of Health & Human Servs.*, No. 18-1031V, 2021 WL 687901, at *6 (Fed. Cl. Spec. Mstr. Jan. 26, 2021). Dr. Joseph S. Jeret charged $4,375.00, for 8.75 hours at $500.00 per hour. Fees App. Ex. B at 25. This rate is consistent with what Dr. Jeret has been previously awarded, and is also reasonable herein. *See, e.g, Kohlmeyer v. Sec'y of Health & Human Servs.*, No. 19-1694V, 2024 WL 4931335, at *4 (Fed. Cl. Spec. Mstr. Nov. 5, 2024).

Petitioner has provided adequate documentation supporting all of her requested costs and Respondent also has not identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[3] This amount is calculated as ($563 - $532 = $31 x 7.4 hrs. = $229.40)

| | |
|---|---|
| Attorneys' Fees Requested | $57,402.64 |
| (Reduction of Fees) | ($229.40) |
| **Total Attorneys' Fees Awarded** | **$57,173.24** |
| | |
| Attorneys' Costs Requested | $6,601.64 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,601.64** |
| | |
| **Total Attorneys' Fees and Costs** | **$63,775.28** |

**Accordingly, I award the following: a lump sum in the amount of $63,775.28, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).